**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

Brother Patrick Portley-El,

        Plaintiff,

v.

Hoyt Brill, Barbara Seidl, Sgt. Biennson,
Lt. Hoyles, William Zalman, and Tom Misel,

        Defendants.

Civil No. 98-2624 (RHK/JGL)

**MEMORANDUM AND ORDER**

## I. INTRODUCTION

This matter is before the Court on Plaintiff's motion for relief from judgment, brought under Fed. R. Civ. P. 60(b)(4) and (6). (Docket No. 72.) Plaintiff apparently wants the Court to vacate the judgment previously entered in this case, which caused all of his claims against the named Defendants to be dismissed. (Docket No. 44.) Plaintiff's Rule 60(b) motion will be DENIED, for the reasons discussed below.

## II. BACKGROUND

Plaintiff commenced this action on December 10, 1998, by filing a complaint seeking relief under 42 U.S.C. § 1983. At that time, Plaintiff was a prisoner of the State of Colorado who was being confined at the Prairie Correctional Facility, ("PCF"), in Appleton, Minnesota. (It appears that Plaintiff is currently confined in a prison in Colorado.) The named Defendants in this action are prison officials who allegedly were involved in a disciplinary action brought against Plaintiff while he was at PCF.

Plaintiff was charged with beating a fellow inmate with a baseball bat during a prison melee. He was found guilty of that offense, and disciplinary sanctions were imposed against him. The

disciplinary sanctions included the loss of 45 days of good time credits, and a term of segregated confinement. Plaintiff sued the named Defendants for allegedly violating his federal constitutional rights to due process and equal protection during the course of his disciplinary proceedings.

Plaintiff's due process claims were dismissed sua sponte, pursuant to 28 U.S.C. § 1915A, because those claims were barred by the Supreme Court's decisions in Sandin v. Conner, 515 U.S. 472 (1995), and Heck v. Humphrey, 512 U.S. 477 (1994). The Court later concluded that Plaintiff's equal protection claims were also barred by Heck. The action was therefore dismissed, in its entirety, on January 3, 2000.

Plaintiff filed a timely appeal challenging the dismissal of this action. The Eighth Circuit Court of Appeals appointed counsel to represent Plaintiff on his appeal, and all of his arguments were carefully considered on the merits. In a published opinion dated May 1, 2002, the Court of Appeals rejected all of Plaintiff's arguments, and upheld the dismissal of this action. Portley-El v. Brill, 288 F.3d 1063 (8th Cir. 2002). The Court of Appeals denied Plaintiff's request for rehearing on June 25, 2002. During the next seven years, Plaintiff did not take any further action in this case. Then on June 30, 2009, he filed his current Rule 60(b) motion.

Plaintiff's current motion challenges the validity of the disciplinary proceedings that prompted him to file his original 1998 civil complaint in this action. Plaintiff now claims that those disciplinary proceedings were "void," because they were procedurally inadequate and defective for several reasons. Plaintiff is asking the Court to "reverse and remand this matter," which presumably means that he wants the Court to vacate the prior judgment of dismissal, and reinstate the claims presented in his original complaint.

2

## III. DISCUSSION

Plaintiff's current motion purportedly is brought under Fed. R. Civ. P. 60(b)(4) and 60(b)(6), which provide as follows:

> "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:...
>
> (4) the judgment is void...
>
> (6) any other reason that justifies relief."

Fed. R. Civ. P. 60(c)(1) provides that --

> "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

The Court finds that Plaintiff's current motion must be summarily denied, because he did not file his motion "within a reasonable time," as required by Rule 60(c)(1). The arguments raised in Plaintiff's current motion are not based on any new evidence or any new law. His current arguments were just as readily available ten years ago, when this case was originally litigated in this District, as they are today. Plaintiff has failed to explain why he did not present his current arguments when this case was originally before this Court, or when the case was before the Eighth Circuit Court of Appeals. Furthermore, it has now been more than nine years since this action was dismissed by this Court, and more than seven years since Plaintiff's appeal was dismissed. Plaintiff has failed to explain why he waited so long to bring his present motion.

In sum, the Court finds that (i) Plaintiff's present arguments have been available to him since he filed this action, and they could have been raised when this action was previously being litigated here, and in the Court of Appeals; (ii) Plaintiff did not bring his present motion until more than nine

years after this Court dismissed this action, which is an extraordinarily long delay; and (iii) Plaintiff has made no effort to explain why he waited so long to bring his current motion. Given these circumstances, the Court finds that Plaintiff's current Rule 60(b) motion was not "made within a reasonable time." Therefore, Plaintiff's Rule 60(b) motion will be summarily denied due to untimeliness.[1]

### IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Plaintiff's Motion for Relief From Judgment pursuant to Fed. R. Civ. P. 60(b)(4) and (6), (Docket No. 72), is DENIED.

Dated: July 16, 2009

                                              s/Richard H. Kyle
                                              RICHARD H. KYLE
                                              United States District Court Judge

---

[1] Plaintiff should not think that his current motion might have been granted if it had been brought sooner. It is readily apparent that Plaintiff's motion is groundless, and could not be sustained even if it was considered to be timely. Plaintiff seems to believe that if his prison disciplinary proceedings were "invalid and void," (a premise that is by no means self-evident), then the judgment that caused this action to be dismissed must necessarily be invalid and void as well. Such reasoning is clearly fallacious.

This Court previously concluded, (and the Court of Appeals subsequently agreed), that this action had to be summarily dismissed, without considering the procedural validity of the disciplinary proceedings at issue, based on the Supreme Court's decisions in Sandin and Heck. Nothing in Plaintiff's current submissions vitiates, (or even challenges), the reasons that caused this Court, and the Court of Appeals, to conclude that this action had to be summarily dismissed, without considering the alleged invalidity of Plaintiff's disciplinary proceedings. Simply put, Plaintiff's current motion does not present any arguable basis to reconsider and set aside the judgment of dismissal in this case. Therefore, even if Plaintiff's current Rule 60(b) motion were timely, it would undoubtedly be denied on the merits.